**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LIJUN SUN, | No. 12-72543 |
| Petitioner, | Agency No. A095-022-283 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 7, 2014[**]

Before:    TASHIMA, GRABER, and IKUTA, Circuit Judges.

Lijun Sun, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' order dismissing his appeal from an immigration judge's

("IJ") decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Zetino v. Holder*, 622 F.3d 1007, 1011 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on its findings regarding Sun's demeanor and responsiveness and based on Sun's inability to provide details regarding his church attendance in the United States. *See Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under totality of circumstances, including based on unresponsive and undetailed testimony); *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (giving special deference to IJ's observation of petitioner's demeanor). In light of this conclusion, we reject Sun's contentions that the agency did not give adequate weight to evidence of country conditions and erred in failing to address his claim of a pattern or practice of persecution. Accordingly, Sun's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, substantial evidence supports the agency's denial of CAT relief because Sun failed to establish it is more likely than not he would be tortured if

returned to China.  *See Singh v. Gonzales*, 439 F.3d 1100, 1113 (9th Cir. 2006).

We reject Sun's contention that the agency improperly evaluated his CAT claim.

**PETITION FOR REVIEW DENIED.**